DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal stems from a judgment of conviction and sentence of the Erie County Court of Common Pleas following appellant's plea entered pursuant to North Carolina v. Alford (1970), 400 U.S. 25. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On January 18, 2000, appellant, Steven A. Davis, was indicted on one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A), two counts of involuntary manslaughter, in violation of R.C. 2903.04(B), and two counts of aggravated vehicular assault, in violation of R.C. 2903.08(A). The indictment contained specifications of being under the influence of a drug of abuse and/or alcohol.
 {¶ 3} On July 27, 2000, appellant appeared in court and agreed to enter an Alford plea. Pursuant to his plea agreement, appellant enteredAlford pleas to Counts 4 and 5, aggravated vehicular assault. Counts 1, 2 and 3, including the DUI specifications, were dismissed.
 {¶ 4} During the plea hearing, the trial court read a summary, prepared by the state and signed by appellant, of the facts the state would have presented at trial. Appellant agreed that though he maintained that Wanda Moffett was driving the vehicle, the evidence showed that they were both knocked unconscious as a result of the accident, making it impossible for them to switch seats. Appellant also agreed that the evidence tended to show that appellant was unlawfully attempting to pass another vehicle in a no pass zone when he caused serious physical harm to Wanda Moffett and Daniel Renwand.
 {¶ 5} On September 1, 2000, appellant was sentenced to 17 months on each count, to be served consecutively, and a five-year license suspension. Thereafter, appellant, pro se, filed various motions with the trial court in an attempt to vacate or modify his sentence. The motions were denied as not well-taken.
 {¶ 6} On March 14, 2002, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. Appellant's petition was denied on April 11, 2002. In the trial court's findings of fact and conclusions of law, the court concluded that the petition was barred by the doctrine of res judicata and was untimely. Thereafter, appellant filed the instant appeal, pro se, and was subsequently appointed appellate counsel by the trial court.
 {¶ 7} Appellant raises the following assignments of error:
 {¶ 8} "I. The trial court committed reversible error to the prejudice of defendant/appellant by failing to sufficiently determine whether the state had a factual basis to establish guilty [sic] before accepting defendant/appellant's plea.
 {¶ 9} "II. The state failed to place on the record any evidence to rebut the autopsy report stating Wanda Moffett was the driver of the vehicle at the time of her death."
 {¶ 10} As set forth above, appellant has appealed the denial of his petition for postconviction relief. In denying the petition, the trial court did not address the merits of appellant's arguments; rather, the court found the petition untimely and barred by res judicata. In the appeal before us, neither appellant's brief nor the state's answer brief address the trial court's April 11, 2002 findings. Upon review, we find that the trial court properly denied the petition.
 {¶ 11} R.C. 2953.21(A)(2) provides that if no direct appeal is filed, a petition for postconviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Pursuant to R.C. 2953.23(A), a trial court may entertain an untimely petition if both of the following apply:
 {¶ 12} "(1) Either of the following applies:
 {¶ 13} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 14} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 15} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 16} In the present case, appellant was sentenced on September 1, 2000, and filed his postconviction petition on March 14, 2002. Thus, the petition was filed well beyond the statutory limit of 180 days. Further, the record does not demonstrate that appellant met the requirements under R.C. 2953.23 for the filing of a late petition.
 {¶ 17} Based on the foregoing, we find that appellant's petition for postconviction relief was untimely and that trial court, pursuant to R.C. 2953.23, was prevented from entertaining the merits of appellant's petition. Accordingly, we find that appellant's first and second assignments of error are moot and not well-taken.
 {¶ 18} On consideration whereof, the court finds that substantial justice was done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Court costs are assessed to appellant.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J.